**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RONNY TERRY,<br>11361 SHOVLER CT.<br>JACKSONVILLE, FL 32225<br>Plaintiff<br><br>v.<br><br>BROOKE L. ROLLINS, SECRETARY,<br>U.S. DEPARTMENT OF AGRICULTURE<br>1400 INDEPENDENCE AVE, S.W.<br>WASHINGTON, DC 20250<br>Defendant. | ) | Case No.: 1:26-cv-218<br><br>Date Action Filed: January 26, 2026 |

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Ronny Terry ("Plaintiff"), by and through his undersigned counsel, and brings this action for damages against the Defendant, Brooke L. Rollins, as Secretary of the U.S. Department of Agriculture ("DOA" or "Agency"), and alleges as follows:

SUMMARY OF THE ACTION

1. This is a civil rights action brought by a disabled DOA employee, who has been subject to harassment (non-sexual), a hostile work environment, and discrimination leading to embarrassment, additional workload and harmful investigations being ignored, all while being forced out of the position, in part, due to Plaintiff's Race, Age, Disability, and Reprisal for partaking in prior EEO activity.

2. The Plaintiff is and has always been an African American with a disability widely known amongst the Agency, and it has always been known amongst the Responsible Management

Officials ("RMO") in this action that he previously filed, and or was currently engaged in EEOC complaints and or protected activity against the same individuals retaliating against him.

3. The Plaintiff has previously filed an Equal Employment Opportunity Commission ("EEOC") hearing request, and a hearing was held, in part, through the administrative process afforded him, until an unfavorable decision was issued, with an unfavorable Office of Federal Operations ("OFO") decision received on November 14, of 2025.

4. At issue in this suit is whether the DOA subjected Plaintiff to discrimination, including harassment, on the basis of Race, Age, Retaliation for participating in protected activity, and disability when:

a. On February 12, 2019, a management official attacked Complainant's character in an email, and Responsible Management Official ("RMO") Peter Grace ignored Complainant's report to him regarding the incident;09/08/2023.

b. On or about October 2019, RMO Grace yelled at Complainant when he asked for an interview for the position of Plant Health Safeguard Specialist ("PHSS"), and stated, "I am not going to interview you" and, "you shouldn't ask your supervisor for an interview for a position".

c. On October 30, 2020, Agency management issued Complainant an "Unsuccessful" performance rating for Fiscal Year 2020, and from November 10, 2020, to November 27, 2020, management ignored his requests for an appeal.

d. On October 30, 2020, Complainant's first-line supervisor accused him of harassing another employee without providing a reason.

e. On March 1, 2021, management increased Complainant's workload by assigning him more trap books, more sites and traffic

## JURY TRIAL DEMAND

5. Under Fed. R. Civ. P. 38 (b), Plaintiff hereby demand trial by jury on all issues triable to a jury.

## JURISDICTION

6. This action arises under Sections 501 and 504 of the Rehabilitation Act of 1973, as

amended, 29 U.S.C. §§ 791, *et seq*., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This Court has proper subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1341 (federal question) and 1343 (civil rights).

PARTIES AND VENUE

7. Plaintiff, Ronny Terry, is a citizen of the United States and is a resident of Duval County, Florida. Plaintiff was an employee of the Agency at the relevant time giving rise to this complaint.

8. Plaintiff is informed and believes, and alleges that at all times relevant herein, Agency/Defendant was responsible in some manner for the occurrences, offenses, and injuries alleged in this complaint. Plaintiff will further amend this Complaint, if needed, to show or correct for true names and capacities, and facts, when the same have been ascertained.

9. All of Plaintiff's claims arise under Federal Law.

10. Plaintiff has exhausted the required administrative remedies per the Office of Federal Operations ("OFO") decision received November 14, 2025, and filings with the EEOC pursuant to 29 C.F.R. §1614.407(b), Plaintiff is authorized to file this civil action in an appropriate U.S. District Court.

11. Defendant, Brooke L. Rollins, is sued in her official capacity as the current Head of the U.S. Department of Agriculture, an agency of the United States, and Plaintiff's former employer.

12. Venue is proper in the United States District Court for the District of Columbia, and Defendant is subject to the personal jurisdiction of the United States District Court for the District of Columbia because Defendant maintains facilities and business operations in this

District. 28 U.S.C. § 1391(b) and (e); 42 U.S.C. § 2000e-5(f).

13. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3), as Plaintiff is a HQ asset employed by the Agency in the District of Columbia, and Plaintiff's employment records are maintained by the Agency in this judicial district.

<u>FACTUAL ALLEGATIONS</u>

14. Plaintiff Ronny Terry worked as a Plant Protection and Quarantine Technician ("PPQT") for the Agency's Jacksonville, Florida facility at the relevant time of the events in this complaint. In addition to this position, Plaintiff had worked for the agency for over twenty-five (25) years.

15. Throughout his career with the agency, Mr. Terry maintained exceptional performance ratings and received positive feedback from peers and upper management.

16. Mr. Terry is over 60 years old.

17. Mr. Terry's race is African American.

18. Mr. Terry's direct supervisor, and Responsible Management Official ("RMO") in this matter was Peter Grace, Plant Protection and Quarantine Officer ("PPQO.").

19. Mr. Terry's second line supervisor, and Responsible Management Official ("RMO") in this matter was Francis Jowyk, the Central Florida Director.

20. Both RMO's had retired from federal service prior to the Administrative Hearing taking place in this matter.

21. Mr. Terry worked in the field on trap location, supervision, and possible removal of fruit flies and other invasive pests on a seasonal basis, from March through November.

22. Mr. Terry assisted PPQO' s with the planning and coordination of the control and regulatory functions of the Plant Protection and Quarantine ("PPQ") program.

23. Mr. Terry surveyed his assigned area, maintained daily records, inspected fruit fly traps, and submitted requests for necessary supplies, materials, equipment etc. in timely manner.

24. Mr. Terry suffered from diabetes, high blood pressure and hip problems. He has arthritis in both hips, which were both replaced in 2017, and therefore walks with a limp and or struggles to walk.

25. Mr. Terry's hip issues, and the inherent pain caused by his surgically repaired hips, also limited Mr. Terry's ability to climb and or access some of the trap locations.

26. Therefore, in frustration of Mr. Terry's limitations, RMO Grace consistently ridiculed, threatened, yelled at, embarrassed, and ignored Mr. Terry.

27. RMO Grace also refused to allow any sort of upward movement with Mr. Terry's career and refused to interview Mr. Terry for the Plant Health Safeguarding Specialist ("PHSS") position.

28. RMO Grace also failed to take any action when Mr. Terry informed her that other individuals were attacking his character, ignoring his reports entirely.

29. One example of such inaction is the fact that RMO Grace failed to take any action, of any kind, when Mr. Terry reported a former coworker had sent him improper and or inappropriate email correspondence directly attacking his character.

30. Mr. Terry filed a workplace incident report and yet nothing was ever done.

31. In October of 2019, RMO Grace yelled at Mr. Terry when he asked to be given an interview for the PHSS position for which he applied.

32. Thereafter, Mr. Terry was incorrectly and improperly accused of harassing another former coworker, PPQT Vazquez, who eventually left the Jacksonville office, despite the two individuals having nothing more than work-related arguments about the proper ways to do

certain things, with Mr. Terry being the more experienced individual and constantly trying to train PPQT Vazquez.

33. PPQT Vazquez was selected for a higher-level position located in Puerto Rico and left Jacksonville for the new position, located in Puerto Rico in March of 2020. He had applied for this position prior to any relevant incidents with Mr. Terry.

34. On or about April 2, 2020, RMO Grace issued Mr. Terry his second quarter performance evaluation.

35. Mr. Terry worked satisfactorily in the areas of trap placement and relocation, quality assurance, timely reports submission, homeowner education, and maintaining and ordering supplies.

36. On April 3, 2020, Mr. Terry left work on Weather and Safety Leave ("WSL") due to the COVID 19 pandemic.

37. Mr. Terry was forced to go on WSL by RMO Grace, and Mr. Terry tried for over nine months to be able to return to work. All attempts were ignored and or improperly denied.

38. Mr. Terry was not able to return to work until December 7, 2020.

39. Thereafter, the agency rated Mr. Terry's annual performance unsatisfactory, despite previously rating all of his annual performances satisfactory between 2015 and 2019.

40. The agency knew of Mr. Terry's inability to keep up the pace due to his disability.

41. Mr. Terry had previously applied for, but was denied, any and all Reasonable Accommodations ("RA") by the agency. Rather, the agency simply proceeded to push him out.

42. Mr. Terry had requested a temporary slight reduction in serviced trap requirements as accommodation.

43. The agency also ignored Mr. Terry's request and disputes regarding the performance rating.

44. The agency was well aware of all of this and failed to take the proper action. Rather, they discriminated against Plaintiff and forced him into retirement.

45. Similarly situated employees that were of a different race were treated more favorably than Mr. Terry.

46. Similarly situated employees that were younger than Mr. Terry were treated more favorably.

**Count No. 1**
**Violations of 29 U.S.C. §2000e seq.**
**(Race Discrimination)**

47. The allegations in paragraphs 1-46 are realleged as if set forth fully herein.

48. Defendant, an Agency of the Federal Government, Defendant, an Agency of the Federal Government, is subject to oblige with this federal statute.

49. Defendant, through its officials, subjected Plaintiff to adverse employment actions, including unwarranted discipline, downgraded evaluations, and exclusion from meetings, because he is African American.

50. Defendant knew of Plaintiff's Race.

51. Similarly situated employees who were not African American were not subjected to these adverse actions.

52. As a direct and proximate result of Defendant's violations, Plaintiff, Mr. Ronny Terry, has been damaged. Such damages include but are not limited to loss of pay; loss of benefits; past and future medical costs and expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities; harm to professional reputation; and humiliation,

anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

53. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for relief as set forth below.

**Count No. 2**
**Violations of 29 U.S.C. §2000e seq.**
**(Age Discrimination)**

54. The allegations in paragraphs 1-46 are realleged as if set forth fully herein.

55. Defendant, an Agency of the Federal Government, Defendant, an Agency of the Federal Government, is subject to oblige with this federal statute.

56. Defendant, through its officials, subjected Plaintiff to adverse employment actions, including unwarranted discipline, downgraded evaluations, and exclusion from meetings, because of his age.

57. Defendant knew of Plaintiff's Age.

58. Similarly situated employees who were younger were not subjected to these adverse actions.

59. As a direct and proximate result of Defendant's violations, Plaintiff, Mr. Ronny Terry, has been damaged. Such damages include but are not limited to loss of pay; loss of benefits; past and future medical costs and expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

60. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for relief as set forth below.

**Count No. 3**
**Retaliation in Violation of Title VII**
**42 U.S.C. §§ 2000e, et seq.**
**(Discrimination and Hostile Work Environment)**

61. The allegations in paragraphs 1-46 are realleged as if set forth fully herein.

62. Defendant, an Agency of the Federal Government, Defendant, an Agency of the Federal Government, is subject to oblige with this federal statute.

63. Defendant, through its officials, subjected Plaintiff to adverse employment actions, including unwarranted negative reviews, unsatisfactory appraisals and or reviews, blame for things outside of his control, as well as created and condoned a severe and pervasive work environment based on Plaintiff' s Race, Age, Disability, and participation in EEO activity.

64. The hostile environment included public humiliation, denial of necessary resources, disparate treatment and discipline, isolation, and overall embarrassment, all of which negatively altered Plaintiff' s employment conditions.

65. Defendant knew of Plaintiff's involvement in protected activity.

66. Similarly situated employees who did not participate in EEO activity were not subjected to these adverse actions.

67. As a direct and proximate result of Defendant's violations Plaintiff, Mr. Ronny Terry, has been damaged. Such damages include but are not limited to loss of pay; loss of benefits; past and future medical costs and expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

68. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for relief as set forth below.

**Count No. 4**
**Violations of the REHABILITATION ACT OF 1973 29 U.S.C. §701 et. seq.**
**(Disability Discrimination)**

69. The allegations in paragraphs 1-46 are realleged as if set forth fully herein.

70. Defendant, an Agency of the Federal Government, is subject to the Rehabilitation Act of 1973, 29 U.S.C. §701 et seq., under sections 501 and 504.

71. Section 501 of the Rehabilitation Act prohibits federal executive branch agencies from discriminating against people with disabilities in any employment practices, including hiring, promotions, training, firing, pay, or benefits. 29 U.S.C. § 791.

72. Plaintiff is a disabled person whose physical impairments substantially limits his major life activities.

73. Plaintiff was otherwise qualified for the position he held.

74. Defendant knew of Plaintiff's disabilities based on the Plaintiff's previous request for a reasonable accommodation.

75. Pursuant to 29 U.S.C. § 791(f) and 42 U.S.C. § 12203(a), Defendant has violated Section 501 of the Rehabilitation Act by:

i. Failing to provide effective reasonable accommodations for Plaintiff;

ii. failing to engage in interactive discussions as part of Plaintiff's reasonable accommodation requests;

iii. unduly delaying the processing of Plaintiff's RA requests;

iv. treating Plaintiff overly critically as compared to other employees to the point of harassment, creating a hostile and abusive work environment for him based on his requests for RAs;

76. As a direct and proximate result of Defendant's violations of Section 501 of the Rehabilitation Act, Plaintiff, Mr. Terry has been damaged. Such damages include, but are not limited to loss of pay; loss of benefits; past and future medical costs and expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

77. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for relief as set forth below.

**COUNT NO. 5**
**Violations of the REHABILITATION ACT OF 1973 29 U.S.C. §701 et. seq.**
**(Failure to Accommodate)**

78. The allegations in paragraphs 1-46 are realleged as if set forth fully herein.

79. Plaintiff notified his employer of his disabilities and requested accommodations on multiple occasions.

80. Plaintiff was provided multiple inadequate accommodations in response to his requests for RAs with respect to his disabilities.

81. As a direct and proximate result of Defendant's violations of Section 501 of the Rehabilitation Act, Plaintiff, Mr. Terry has been damaged. Such damages include, but are not limited to loss of pay; loss of benefits; past and future medical costs and expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

82. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a,

Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Terry respectfully requests that the Court enter judgment in his favor and award him the following relief:

a) An Order declaring that Defendant violated Mr. Terry's rights under the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and restraining and enjoining Defendant from further violations;

b) Award Plaintiff back pay for lost wages and benefits and prejudgment interest thereon.

c) Compensatory damages in an amount to be determined at trial to compensate Mr. Terry for the physical and emotional pain, embarrassment, humiliation, mental anguish, medical costs, future medical costs, inconvenience, career loss, loss of professional reputation and career opportunities, and loss of quality of life caused by Defendant's unlawful actions;

d) Any and all accrued Thrift Savings Plan benefits;

e) Award Plaintiff his full costs and reasonable attorney's fees; and

f) Award such further relief as may be deemed just and appropriate.

Dated: January 26, 2026

Respectfully submitted,

/s/Daniel K.R. Maharaj

SOLOMON, MAHARAJ & KASIMATI, P.A.
5005 West Laurel Street, Ste 216
Tampa, FL 33607
daniel@smkfirm.com
813-565-1201
Bar ID: 252819